UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 25-2383-GW-DTBx** | Date | May 8, 2026 |
| --- | --- | --- | --- |
| Title | ***Skylar Lempinen v. Cookie Plug East, LLC et al*** | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
| --- | --- | --- |
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| --- | --- |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE RE: JURISDICTION**

On September 10, 2025, plaintiff Skylar Lempinen ("Plaintiff") filed suit in this Court. *See* Complaint, Docket No. 1. Currently pending before the Court is Plaintiff's Motion for Default Judgment against Cookie Plug East, LLC, BMF Brands LLC, and BIE Brands LLC; individuals Erik Martinez and Lauren Martinez; individuals Chris Wyland and Dawna Wyland; and individuals Ryan Usrey and Tiffany Usrey.[1] *See* Docket No. 54.

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). In order to avoid the entry of an order of default judgment that may subsequently be attacked as void, the Court must determine whether jurisdiction over the instant case exists.

Here, Plaintiff asserts that subject matter jurisdiction exists on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* First Amended Complaint ("FAC"), Docket No. 13, at ¶ 10. A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). To demonstrate diversity of citizenship, there must be complete diversity, *i.e.*, all plaintiffs must be citizens of a different state than all defendants. *See id.*; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The citizenship of a natural person is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

---

[1] The Clerk of Court entered default as to all defendants in this action on March 24, 2026. *See* Docket No. 37.

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 25-2383-GW-DTBx** | Date | May 8, 2026 |
| --- | --- | --- | --- |
| Title | ***Skylar Lempinen v. Cookie Plug East, LLC et al*** | | |

(citations omitted). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiff alleges that (1) he "is an individual domiciled in Arizona;" (2) "Cookie Plug East, LLC is a California limited liability company with its members domiciled in California;" (3) "BMF Brands LLC is a Nevada limited liability company" that is "managed by Defendants Erik Martinez and Chris Wyland;" (4) BIE Brands LLC is a California limited liability company;" and (5) individual defendants Erik Martinez, Chris Wyland, and Ryan Usrey are "domiciled in California." *See* FAC ¶¶ 13-17, 19, 21. Among other relief, Plaintiff seeks "$130,500.00 in franchise development deposits." *See id.* Prayer for Relief. Although the amount in controversy exceeds $75,000, the Court finds that it lacks subject matter jurisdiction over this action because Plaintiff has not sufficiently alleged the parties' citizenship and that such citizenship is *completely* diverse. First, Plaintiff fails to allege the citizenship of defendants Lauren Martinez, Dawna Wyland, and Tiffany Usrey. *See id.* ¶¶ 18, 20, 22. The Court acknowledges that these defendants are the wives of the other individual defendants who are alleged to be domiciled in California; however, it has not been specifically alleged that the wives share the same state of domicile as their husbands. Second, Plaintiff fails to allege the citizenship of all members of the limited liability companies that are parties in this action. Because the citizenship of some of the defendants has not been sufficiently alleged, the Court cannot determine whether there is complete diversity of citizenship.

For the foregoing reasons, the Court **ORDERS** Plaintiff to **SHOW CAUSE** in writing no later than noon on May 14, 2026, as to why this action should not be dismissed for lack of subject matter jurisdiction. The pending Motion for Default Judgment is hereby taken off-calendar pending resolution of the jurisdictional deficiencies identified above.

**IT IS SO ORDERED.**